# IN THE UNITED STATES DISTRICT COURT FOR THE
# EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ELAINE GULLIFORD, | : | |
| on behalf of JOHN R. GULLIFORD, JR. | : | |
| | : | |
| Plaintiff | : | NO. 07-cv-2346 |
| v. | : | |
| | : | |
| PHILADELPHIA EAGLES, et al. | : | |
| | : | |
| Defendants | : | |

**MOTION OF DEFENDANTS EAGLES STADIUM OPERATOR, LLC (improperly named "Philadelphia Eagles" and "Lincoln Financial Field"), JEFFREY LURIE and LINCOLN NATIONAL CORPORATION TO DISMISS PLAINTIFF'S COMPLAINT PURSUANT TO FED. R. CIV. P. 12(b)(6) AND 12(b)(1)**

Defendants, Eagles Stadium Operator, LLC, Jeffrey Lurie and Lincoln National Corporation, by and through their undersigned counsel, Hollstein, Keating, Cattell, Johnson & Goldstein, P.C., hereby respectfully move this Honorable Court for an Order, in the form attached hereto, granting their Motion to Dismiss Pursuant to Federal Rule of Civil Procedure 12(b)(6) and 12(b)(1) for Failure to State a Claim Upon Which Relief Can be Granted and for Lack of Subject Matter Jurisdiction, and because the complaint violates Fed.R.Civ.P. 10(b) and 11(a). In support thereof, Defendants aver the following:

1. On or about June 25, 2007, Plaintiff Elaine C. Gulliford filed a complaint with the United States District Court for the Eastern District of Pennsylvania after obtaining a court Order to Proceed *In Forma Pauperis*.

2. On or about September 24, 2007, the U.S. Marshal served Defendants Eagles and Lurie with the Complaint. On or about September 26, 2007 the U.S. Marshal served Defendant Lincoln National Corporation with the Complaint. (A true and correct copy of the Complaint is attached hereto as Exhibit "A").

{1360.00004:JT0012}

3. Defendant Eagles Stadium Operator, LLC is a Pennsylvania limited liability company with a principal place of business at One Lincoln Financial Field Way, Philadelphia, PA. "Philadelphia Eagles" is not a legal entity but rather the name of an NFL football team. "Lincoln Financial Field" is not a legal entity but rather the name of a stadium.

4. Defendant Jeffrey Lurie is an individual and a citizen and resident of Pennsylvania.

5. Defendant Lincoln National Corporation is an Indiana Corporation with a principal place of business at 1500 Market Street, Philadelphia, PA.

6. Plaintiff refers to her Complaint as a "pro-se Discovery Lawsuit" and for "inspection of premises" and she indicates that she is filing the lawsuit on behalf of her husband, John R. Gulliford, Jr. (See Exhibit "A"). The Complaint seeks no relief other than to obtain documentary information and the opportunity of a premises inspection. Further, the Complaint fails to allege entitlement to recovery under any legal theory.

7. The Complaint, a single typed page, describes an incident that allegedly took place on November 12, 2006 at Lincoln Financial Field in which her husband, while attending a Philadelphia Eagles game, slipped down steps and suffered a head injury.

8. Plaintiff describes her husband's period of medical treatment but does not identify any specific monetary damages, amount of lost wages or other damages for which recovery is sought.

9. Plaintiff's Complaint should be dismissed because Plaintiff does not have legal standing to bring a lawsuit on behalf of her husband. Plaintiff has not pled that she has been named as her husband's guardian ad litem, nor has she even indicated that her husband is mentally or physically unable to bring suit on behalf of himself. Plaintiff is not the real party in interest under Fed. R. Civ. P. 17.

10. Further, Plaintiff has not stated a claim upon which relief can be granted, and therefore the complaint should be dismissed pursuant to Rule 12(b)(6). Plaintiff has merely requested that she be provided "discovery" pertaining to her husband's alleged accident that allegedly occurred November 12, 2006.

11. Plaintiff has not requested any form of damages or injunctive relief that the Honorable Court could award if this case were to be allowed to proceed.

12. Further, since plaintiff is not seeking any monetary damages, this court lacks diversity jurisdiction over this matter pursuant to 28 U.S.C. §1332.

13. Plaintiff's Complaint is not signed as required by Fed.R.Civ.P. 11(a).

14. The averments of plaintiff's complaint are not made in numbered paragraphs as required by Fed.R.Civ.P.10(b).

WHEREFORE, Defendants, the Eagles Stadium Operator, LLC, Jeffrey Lurie and Lincoln National Corporation, respectfully request the entry of an Order granting their Motion to Dismiss.

                HOLLSTEIN KEATING CATTELL
                JOHNSON & GOLDSTEIN P.C.


        By:   s/John E. Tyrrell
              John E. Tyrrell
              Aaron G. Moody
              1628 JFK Boulevard - Suite 2000
              8 Penn Center
              Philadelphia, PA  19103
              (215) 320-3260
              Attorneys for Defendants Eagles Stadium Operator, LLC, Jeffrey Lurie, and Lincoln National Corporation

Dated: 10/10/07

IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ELAINE GULLIFORD, : | |
| on behalf of JOHN R. GULLIFORD, JR. : | |
| : | |
| Plaintiff : | NO. 07-cv-2346 |
| v. : | |
| : | |
| PHILADELPHIA EAGLES, et al. : | |
| : | |
| Defendants : | |

**BRIEF IN SUPPORT OF MOTION OF DEFENDANTS EAGLES STADIUM OPERATOR, LLC, JEFFREY LURIE AND LINCOLN NATIONAL CORPORATION TO DISMISS PLAINTIFF'S COMPLAINT**

Defendants Eagles Stadium Operator, LLC, Jeffrey Lurie, and Lincoln National Corporation, respectfully submit the following Brief in Support of their Motion to Dismiss Plaintiff's Complaint pursuant to Rule 12(b)(6) and 12(b)(1) of the Federal Rules of Civil Procedure. Defendants submit that Plaintiff's Complaint fails to state a claim upon which relief can be granted, that subject matter jurisdiction is lacking, and that plaintiffs complaint fails to comply with Fed.R.Civ.P. 10(b) and 11(a). Defendants therefore request an Order dismissing Plaintiff's claim against Defendants with prejudice.

**I.   STATEMENT OF FACTS**

In this civil action, Plaintiff, on behalf of her husband, is requesting the production of documents and records, and is requesting a premises inspection, that related to her husband's accident which allegedly took place while he was attending the Philadelphia Eagles game on November 12, 2006. Plaintiff filed her Complaint June 25, 2007 in the United States District Court for the Eastern District of Pennsylvania. Defendants Eagles Stadium Operator, LLC, Jeffrey Lurie and Lincoln National Corporation, file this Motion to Dismiss upon review of the Complaint because it should be dismissed as a matter of law based on Plaintiff's failure to have legal standing to bring a claim on behalf of her husband and failure to state a claim upon which

{1360.00004:JT0012}

relief can be granted, for lack of subject matter jurisdiction, and because it does not comply with Fed.R.Civ.P. 10(b) or 11(a).

## II. LEGAL ARGUMENT

The legal standard for granting a Motion to Dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure is well-settled.  A Rule 12(b)(6) Motion to Dismiss requires the Court to determine whether the plaintiff may recover under any reasonably conceivable set of circumstances susceptible to proof under the Complaint.  When considering a Motion to Dismiss, the court must "accept as true the facts alleged in the Complaint and all reasonable inferences that can be drawn from them." Markowitz v. Northeast Landco, 906 F. 2d 100, 103 (3d. Cir. 1990); Graves v. Lowery, 117 F.3d 723, 726 (3d Cir. 1997).  The crucial questions are "whether sufficient facts are pleaded to determine that the complaint is not frivolous and to provide defendants with adequate notice to frame an answer." Colburn v. Upper Darby Twp., 838 F.2d 663, 666 (3d Cir. 1988).  However, the Court need not "credit a complaint's 'bald assertions' or 'legal conclusions' when deciding a motion to dismiss." Morse v. Lower Merion Sch. Dist., 132 F.3d 902, 906 (3d Cir. 1997).  A Court should dismiss a Complaint "only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." See Graves, 117 F.3d at 726.  Thus, in order to prevail on a Motion to Dismiss, a moving party must show "beyond doubt that the plaintiff can prove no set of facts in support of his claim [that] would entitle him to relief." Conley v. Gibson, 355 U.S. 41, 45-46 (1957).  Federal Rule of Civil Procedure 12(b)(6) allows courts to screen out cases "where a complaint states a claim based upon a wrong for which there is clearly no remedy, or a claim which the plaintiff is without right or power to assert and for which no relief could possibly be granted". Port Auth. v. Arcadian Corp, 189 F.3d 305 , 311-12 (3d Cir. 1999).

In this Brief, Defendants will demonstrate that no relief can be granted to plaintiff under any set of facts that could be proved consistent with the allegations, or lack thereof, contained

within the Complaint and that the Plaintiff "is without right or power to assert" this claim on behalf of her husband because the Court lacks subject matter jurisdiction based on plaintiff's Complaint. For this reason, Defendants request the entry of an Order dismissing the Plaintiff's Complaint with prejudice.

      A.    **The Complaint Fails to State a Claim Upon Which Relief Can be Granted as Plaintiff Lacks Standing to Bring this Claim**

As a matter of law, Plaintiff has no standing to bring this claim on behalf of her spouse. "A plaintiff must allege personal injury fairly traceable to the defendant's allegedly unlawful conduct and likely to be redressed by the requested relief." Allen v. Wright, 468 U.S. 737 (U.S. 1984); *see also* Valley Forge Christian College v. Americans United for Separation of Church & State, 454 U.S. 464 (U.S. 1982).

Plaintiff has not indicated that she has been named guardian ad litem for her husband, nor that her husband has even been deemed mentally or physically incompetent to bring a legal claim on his own behalf. Therefore, it is submitted that the Complaint should be dismissed as a matter of law because the Plaintiff does not have standing to bring the instant claim against the Defendants because she has not alleged that she suffered any injuries, let alone any that can be linked with conduct on the part of Defendants. Plaintiff is not the real party in interest under Fed. R. Civ. P. 17. Although Rule 17(a) provides that the case should not be dismissed until reasonable time has been allowed for ratification or joinder by the real party in interest, this would be futile here as the Complaint is deficient for the additional reasons as detailed below.

      B.    **The Complaint Fails to State a Claim Upon Which Relief Can Be Granted As No Claim is Made for Damages and No Entitlement to Recovery Under any Legal theory is Alleged.**

Plaintiff has not asserted a cause of action upon which any form of relief can be granted. She has merely requested that documents and records be produced to her on behalf of her husband and requested an inspection of the stadium. A fair reading of the Complaint establishes nothing more than the fact that Plaintiff's husband was involved in an incident which resulted in

{1360.00004:JT0012}

injury. However, the law is well-settled that the mere fact of an injury is insufficient to establish liability. *See* <u>Reynolds v. Atlantic C. L. R. Co.</u>, 196 F.2d 643 (5th 1952). Thus, any cause of action must be presumably predicated upon a negligence theory. To prove negligence, the plaintiffs must establish that the Defendants owed a duty, and that the Defendants, by their conduct, breached that duty, proximately causing damage. No facts have been even alleged in the Complaint to satisfy any prong of a negligence cause of action. Additionally, there is nothing in the Complaint to put Defendants on notice as to what conduct is at issue - what claims are being asserted or what the factual basis for those claims may be. Pleading the fact of an injury is wholly insufficient and it is submitted that the Complaint must be dismissed since it utterly fails to set forth a legally cognizable claim. Further, it requests no cognizable relief.

    **C.**    **This Court Lacks Subject Matter Jurisdiction**

Since plaintiff seeks no monetary damages, diversity jurisdiction under 28 U.S.C. §1332 is lacking as plaintiff cannot establish the monetary threshold of $75,000.

    **D.**    **Plaintiff's Complaint Does Not Comply with Fed.R.Civ.P. 10(b)**

Rule 10(b) of the Federal Rules of Civil Procedure provides:

> All averments of claim or defense shall be made in numbered paragraphs, the contents of each of which shall be limited as far as practicable to a statement of a single set of circumstances; and a paragraph may be referred to by number in all succeeding pleadings. Each claim founded upon a separate transaction or occurrence and each defense other than denials shall be stated in a separate count or defense whenever a separation facilitates the clear presentation of the matters set forth.

Plaintiff's Complaint does not contain separate numbered paragraphs, nor does it separate the legal claims against the defendants into separate counts. As filed, therefore, Plaintiff's Complaint does not provide the moving defendants with adequate notice of the claim asserted against them and prohibits the defendants from properly responding to the allegations and defending itself in this action. Accordingly, Plaintiff's Complaint should be dismissed in its entirety, with prejudice.

{1360.00004:JT0012}

### E. Plaintiff's Complaint Does Not Comply with Fed.R.Civ.P. 11(a)

Rule 11(a) of the Federal Rules of Civil Procedure provides:

> Every pleading, written motion, and other paper shall be signed by at least one attorney of record in the attorney's individual name, or, if the party is not represented by an attorney, shall be signed by the party. Each paper shall state the signer's address and telephone number, if any. Except when otherwise specifically provided by rule or statute, pleadings need not be verified or accompanied by an affidavit. An unsigned paper shall be stricken unless omission of the signature is corrected promptly after being called to the attention of the attorney or party.

Plaintiff's Complaint is not signed. As filed, therefore, Plaintiff's Complaint does not meet the requirements of a pleading set forth in the Federal Rules of Civil Procedure. Accordingly, Plaintiff's Complaint should be dismissed in its entirety, with prejudice.

### III. CONCLUSION

For the reasons stated herein, Defendants, Eagles Stadium Operator, LLC, Jeffrey Lurie and Lincoln National Corporation respectfully request the entry of an Order granting their Motion to Dismiss.

                HOLLSTEIN KEATING CATTELL
                JOHNSON & GOLDSTEIN P.C.

      By:   s/ John E. Tyrrell
             John E. Tyrrell
             Aaron G. Moody
             1628 J.F.K. Boulevard - Suite 2000
             Philadelphia, PA 19103
             215 320-3260
             Attorneys for Defendants Eagles Stadium
             Operator, LLC, Jeffrey Lurie, and Lincoln
             National Corporation

Dated: 10/10/07

## CERTIFICATE OF SERVICE

I hereby certify that on October 10, 2007 I served a true and correct copy of the foregoing Motion to Dismiss upon the following via ECF and via regular mail:

>Mary C. Doherty, Esquire
>Thomas P. Wagner, Esquire
>Marshall, Dennehey, Warner,
>Coleman & Goggin
>1845 Walnut Street, 21st Floor
>Philadelphia, PA  19103

And on the following via regular mail:

>Elaine C. Gulliford
>105 Windsor Ct.
>Lumberton, NJ  08048-4631

__s/ John E. Tyrrell__<br>John E. Tyrrell, Esquire