IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ELAINE C. GULLIFORD, | : | CIVIL ACTION |
| on behalf of JOHN R. GULLIFORD, JR. | : | |
| | : | |
| vs. | : | NO.  07-CV-2346 |
| | : | |
| PHILADELPHIA EAGLES, JEFFREY | : | |
| LURIE, LINCOLN FINANCIAL FIELD, | : | |
| LINCOLN NATIONAL CORPORATION | : | |
| and ARAMARK NATIONAL EVENT | : | |
| SERVICES | : | |

**MOTION TO DISMISS PLAINTIFF'S COMPLAINT PURSUANT TO
FED. R. CIV. P. 12(b)(6) BY DEFENDANT NATIONAL EVENT SERVICES**

Defendant, National Event Services, incorrectly identified as Aramark National

Event Services, by and through its counsel, Margolis Edelstein, files this Motion to

Dismiss Pursuant to Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil

Procedure and in support thereof avers as follows:

1.      Plaintiff filed a one page unsigned *pro se* Complaint on or about June 26,

2007, against several Defendants, including the moving Defendant.  A true and correct

copy of Plaintiff's Complaint is attached hereto as Exhibit "A".

2.      According to the Complaint, the Plaintiff, Elaine C. Gulliford, on behalf

of John R. Gulliford, Jr., "would like to file a pro-se Discovery Lawsuit (and inspection

of the premises) on behalf of my husband, John R. Gulliford, Jr., in order to ascertain

the facts surrounding his brain injury incurred at the Lincoln Financial Center on

November 12, 2006."  *See* Exhibit "A".

Dockets.Justia.com

3.      The Complaint contains no specific allegations of wrongdoing on the part of the moving Defendant.  *See* Exhibit "A".  At most, Plaintiff can only allege that her husband must have fallen at Lincoln Financial Field after an Eagles game.

4.      The Complaint is completely devoid of any allegations against National Event Services.

5.      Plaintiff merely alleges, "we would like to be provided with any and all information regarding the situation that day by all involved to determined what happened so that any legal appropriate action can be taken."  *See*  Exhibit "A".

6.      The Complaint further alleges, "if it turns out there is no appropriate action to be taken, then we will at least be at peace knowing what did indeed happen."  *See* Exhibit "A".

7.      While the Plaintiff is not required to set out in detail the facts upon which the claim is based, he must, either through direct allegations or inferences, state all the material elements for recovery under the relevant legal theory.  *Hicks v. Arthur,* 843 F. Supp. 949, 954 (E.D. Pa. 1994) (citing Charles A. Wright & Arthur Miller, 5 Federal Practice & Procedure, §1216 at 154-59 (1990)).

8.      A Complaint may be dismissed when the facts plead and the reasonable inferences therefrom are legally insufficient to support the relief sought.  *See e.g., Pennsylvania ex rel. Zimmerman v. PepsiCo, Inc.,* 836 F.2d 173, 179 (3d. Cir. 1988).

9.      The Complaint does not contain the requisite allegations for recovery under any relevant legal theory.

10.      The Complaint is not signed as required by Fed.R.Civ.P. 11(a).  *See* Exhibit "A".

11.     The averments of Plaintiff's claim are not made in numbered paragraphs, but rather are set forth in one page of narrative, in violation of Fed.R.Civ.P. 10(a).  *See* Exhibit "A".

12.     Accepting as true Plaintiff's allegations and drawing all reasonable inferences in favor of the Plaintiff, has not and cannot sustain a claim against the Defendant, National Event Services.

WHEREFORE, Defendant, National Event Services, respectfully requests that the Complaint be dismissed with prejudice for failing to state a cause of action upon which relief may be granted.

MARGOLIS EDELSTEIN


BY:   /s/ Catherine S. Straggas (CSS3464)
          CATHERINE S. STRAGGAS, ESQUIRE
          I.D. No. 55805
          The Curtis Center, Fourth Floor
          Independence Square West
          Philadelphia, PA 19106
          (215) 931-5835
          Attorney for Defendant, National Event
          Services, incorrectly designated as Aramark
          National Event Services

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

ELAINE C. GULLIFORD,                    :        CIVIL ACTION
on behalf of JOHN R. GULLIFORD, JR.     :
                                        :
        vs.                             :        NO.  07-CV-2346
                                        :
PHILADELPHIA EAGLES, JEFFREY            :
LURIE, LINCOLN FINANCIAL FIELD,         :
LINCOLN NATIONAL CORPORATION            :
and ARAMARK NATIONAL EVENT              :
SERVICES                                :

**MEMORANDUM OF LAW IN SUPPORT OF MOTION TO DISMISS PLAINTIFF'S
COMPLAINT PURSUANT TO FED. R. CIV. P. 12(b)(6) BY
DEFENDANT, NATIONAL EVENT SERVICES**

**I.     FACTS**

Plaintiff filed a page unsigned *pro se* Complaint on or about June 26, 2007,

against several Defendants, including the moving Defendant.  According to the

Complaint, the action arises out of an alleged slip and fall by the Plaintiff's husband at

the Lincoln Financial Field on November 12, 2006.  Plaintiff alleges that her husband

sustained a brain injury as a result of the fall.  This action has been filed as a "pro-se

Discovery Lawsuit (and inspection of premises)" to obtain "any and all information

regarding the situation that day by all involved to determine what happened so that

any legal appropriate action can be taken."  *See* Exhibit "A".

**II.     STANDARD OF REVIEW**

The standard of review applicable to Motions to Dismiss is well-established.  A

Motion to Dismiss shall be granted where it appears that the Plaintiff can prove no set

of facts which would support her claim and would entitle her to relief. *Nami v. Fauver,* 82 F.3d 63, 65 (3d Cir. 1996) (citing *Conley v. Gibson,* 355 U.S. 41, 45-46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957)). In considering a Motion to Dismiss, the Court should accept as true all well-pleaded allegations and all reasonable inferences that can be drawn therefrom, and view the Complaint in a light most favorable to the non-moving party. *Rocks v. City of Philadelphia,* 868 F.2d 644, 645 (ed Cir. 1989).

### III.    ARGUMENT

#### A.    Federal Rule of Civil Procedure 12(b)(6)

According to Fed. R. Civ. P. 12(b)(6), a pleader may raise the defense of failure to state a claim upon which relief can be granted by Motion. In deciding a 12(b)(6) Motion, the Court must "accept as true all allegations and reasonable inferences that can be drawn from them after construing them in a light most favorable to the non-movant." *Jordan v. Fox, Rothschild, O'Brien & Frankel,* 20 F.3d 1250, 1261 (3d. Cir. 1994). "While the Plaintiff is not required to set out in detail the facts upon which the claim is based, he must, either through direct allegations or inferences, state all the material elements for recovery under the relevant legal theory." *Hicks v. Arthur,* 843, F. Supp. 949, 954 (E.D. Pa. 1994) (citing Charles A. Wright & Arthur Miller, 5 Federal Practice & Procedure, §1216 at 154-59 (1990)). A Complaint may be dismissed when the facts as pleaded and the reasonable inferences drawn therefrom are legally insufficient to support the relief sought. *See, e.g., Pennsylvania ex rel. Zimmerman v. PepsiCo, Inc.,* 836 F.2d 173, 179 (3d. Cir. 1988).

The Complaint fails to assert any colorable cause of action against National Event Services.  The only parties identified in the body of the Complaint are the Philadelphia Eagles and Lincoln Financial Field.  The Complaint is devoid of any allegations against National Event Services.  In fact, the Complaint fails to state any allegation against anyone that would entitle Plaintiff to relief.  Even if Plaintiff meant to include National Event Services in her allegations regarding the alleged incident of November 12, 2006, there are simply no allegations which would support a legal claim against the moving Defendant.  Plaintiff has based this action solely on an anonymous telephone call (from a "doctor or paramedic"); she understands, second-hand, that her husband "somehow" fell at Lincoln Financial Field.  (Plaintiff alleges that, because her husband lost consciousness, he does not know what happened.)  If Plaintiff cannot allege even what happened, she cannot permissibly allege that National Event Services was at fault.  Accordingly, Plaintiff's Complaint should be dismissed in its entirety, with prejudice.

> **B.**     **Federal Rule of Civil Procedure 10(b)**

Rule 10(b) of the Federal Rules of Civil Procedure provides

> All averments of claim or defense shall be made in numbered paragraphs, the contents of each of which shall be limited as far as practicable to a statement of a single set of circumstances; and a paragraph may be referred to by number in all succeeding pleadings.  Each claim founded upon a separate transaction or occurrence and each defense other than denials shall be stated in a separate count or defense whenever a separation facilitates the clear presentation of the matters set forth.

Plaintiff's Complaint does not contain separate numbered paragraphs, nor does it separate the legal claims against the Defendants into separate counts.  As filed,

therefore, Plaintiff's Complaint does not provide the moving Defendant with adequate notice of the claims asserted against it and prohibits the Defendant from properly responding to the allegations and defending itself in this action. Accordingly, Plaintiff's Complaint should be dismissed in its entirety, with prejudice.

### C. Federal Rule of Civil Procedure 11(a)

Rule 11(a) of the Federal Rules of Civil Procedure provides:

> Every pleading, written motion, and other paper shall be signed by at least one attorney of record in the attorney's individual name, or, if the party is not represented by an attorney, shall be signed by the party. Each paper shall state the signer's address and telephone number, if any. Except when otherwise specifically provided by rule or statute, pleadings need not be verified or accompanied by an affidavit. An unsigned paper shall be stricken unless omission of the signature is corrected promptly after being called to the attention of the attorney or party.

Plaintiff's Complaint is not signed. As filed, therefore, Plaintiff's Complaint does not meet the requirements of a pleading set forth in the Federal Rules of Civil Procedure. Accordingly, Plaintiff's Complaint should be dismissed in its entirety, with prejudice.

## IV. CONCLUSION

Because the Complaint is devoid of any allegations against National Event Services, and because the Complaint is devoid of any allegations, even when assumed to be true, which state a colorable cause of action upon which relief can be granted, it should be dismissed pursuant to Fed. R. Civ. P. 12(b)(6). Moreover, Plaintiff's Complaint is unsigned in violation of Fed. R. Civ. P. 11(a) and fails to comply with the requirements of Fed. R. Civ. P. 10(b).

Respectfully submitted,

MARGOLIS EDELSTEIN

BY:  /s/ Catherine S. Straggas (CSS3464)
          CATHERINE S. STRAGGAS, ESQUIRE
          I.D. No. 55805
          The Curtis Center, Fourth Floor
          Independence Square West
          Philadelphia, PA 19106
          (215) 931-5835
          Attorney for Defendant, National Event
          Services, incorrectly designated as Aramark
          National Event Services

## CERTIFICATE OF SERVICE

I, CATHERINE S. STRAGGAS, ESQUIRE, hereby certify that a true and correct

copy of Defendant's Motion to Dismiss Plaintiff's Complaint pursuant to Fed. R. Civ.

P. 12(b)(6), was sent to Plaintiff via overnight mail, and all other parties via electronic

mail, on October 12, 2007.

Elaine G. Gulliford
105 Windsor Court
Lumberton, NJ  08048-4631

Aaron G. Moody, Esquire
John E. Tyrrell, Esquire
Hollstein, Keating, Cattell, Johnson
  & Goldstein, P.C.
Suite 2000
1628 John F. Kennedy Boulevard
Philadelphia, PA  19103

Thomas P. Wagner, Esquire
Mary C. Doherty, Esquire
Marshall, Dennehey, Warner, Coleman
  & Goggin
1845 Walnut Street
Philadelphia, PA  19103

MARGOLIS EDELSTEIN


BY:  /s/ Catherine S. Straggas (CSS3464)
CATHERINE S. STRAGGAS, ESQUIRE
I.D. No. 55805
The Curtis Center, Fourth Floor
Independence Square West
Philadelphia, PA 19106
(215) 931-5835
Attorney for Defendant, National Event
Services, incorrectly designated as Aramark
National Event Services

Dated: 10/12/07